UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

JOSHUA BAHADUR,

                      Plaintiff,

                -against-

CITY OF NEW YORK; Detective WILLIAM VARGAS, Tax No. 942652; Detective PAUL RIVERA, Tax No. 940050; LT. DAVID COURTIEN, Tax No. 906016; Detective VINICIO ALMONTE, Shield No. 2330; and Police Officers JOHN/JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                      Defendants.

------------------------------------------------------------------------x

**AMENDED COMPLAINT**

Jury Trial Demanded

ECF Case

15-cv-00978

       Plaintiff, JOSHUA BAHADUR, by his attorney Katherine E. Smith, complaining of the defendants, respectfully alleges as follows:

### NATURE OF THE ACTION

       1.    Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil rights, by defendants THE CITY OF NEW YORK, Detective WILLIAM VARGAS, Tax No. 942652; Detective PAUL RIVERA, Tax No. 940050; LT. DAVID COURTIEN, Tax No. 906016; Detective VINICIO ALMONTE, Shield No. 2330 and Police Officers "JOHN and JANE DOE" #1-10, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c), as the incidents alleged herein occurred in this district.

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff JOSHUA BAHADUR is a resident of Bronx County in the City and State of New York.

7. At all times hereinafter mentioned, defendant CITY OF NEW YORK ("CITY"), was and still is a municipal corporation created, organized and duly existing under and by virtue of the laws of the State of New York.

8. At all times hereinafter mentioned, defendant, CITY, its agents, servants and/or employees operated, maintained, managed and controlled defendant, THE NEW YORK POLICE DEPARTMENT (hereinafter referred to as the "NYPD"), including all Law Enforcement Officers thereof.

9. At all times relevant defendants Detective WILLIAM VARGAS, Tax No. 942652; Detective PAUL RIVERA, Tax No. 940050; LT. DAVID COURTIEN, Tax No. 906016; Detective VINICIO ALMONTE, Shield No. 2330 and NYPD Defendants John & Jane Doe 1 through 10 ("Doe Defendants") were police officers, detectives or supervisors employed

by the NYPD.  Plaintiff does not know the real names and shield / tax numbers of defendants John & Jane Doe 1 through 10.

10. At all times hereinafter mentioned defendant, NYPD, is an agency, instrumentality, department of defendant, CITY, and/or defendant, CITY, derived benefit from the activities of defendant, NYPD.

11. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12. On or about October 9, 2013 at or around 5:00 p.m., plaintiff was lawfully in the vicinity of 44th and 43rd Street on 7th Avenue, New York, New York, in or around Times Square, near the "Yankees" Store.

13. Without provocation, several unidentified, plain-clothed NYPD officers including Defendants VARGAS, COURTIEN, ALMONTE and the Doe Defendants approached plaintiff and inquired about a drug sale.

14. Plaintiff said that he knew that the officers were indeed police.

15. Angered by this, the Defendants VARGAS, COURTIEN, ALMONTE officers brutally attacked plaintiff punching him in the face and head and jamming one officers' knee into plaintiff's throat.

16. The attack was so violent and outrageous that uniformed "undercover" NYPD Officers ran to plaintiff's assistance, pulled the plain-clothed officer off of, and away from plaintiff, thereby preventing further injuring to plaintiff.

17. Plaintiff did not strike, or threaten to strike, any officer; the force that the Defendants used was excessive, unjustified, and in violation of Plaintiff's civil rights.

18. In an effort to cover up their assault of Plaintiff, defendants falsely claimed that Plaintiff grabbed an officer and "attempted to strike the officer with a closed fist."

19. Plaintiff subsequently received medical treatment for the injuries he sustained as a result of the use of force employed by the defendant officers.

20. Plaintiff suffered damage as a result of defendants' actions. Plaintiff suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
## 42 U.S.C. § 1983

21. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

22. Defendants, by their conduct toward plaintiffs alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

23. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
## UNREASONABLE FORCE

24. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

25. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

26. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
## FAILURE TO INTERVENE

27. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

28. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

29. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
## MALICIOUS ABUSE OF PROCESS

30. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

31. The individual defendants issued legal process to place Plaintiff under arrest.

32. The individual defendants arrested Plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their assault of him.

33. The individual defendants acted with intent to do harm to Plaintiff without excuse or justification.

34. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:   New York, New York
         March 31, 2016


_____/s_____
Katherine E. Smith
Attorney at Law
233 Broadway, Suite 1800
New York, NY 10279
Tel: 347-470-3707
ksmith@legalsmithny.com
*Attorney for plaintiff*